Tayior, Chief-Justice.'
 

 This is a warrant brought to recover the price of waggoning merchandize from Pe-tersburg, according to a contract contained in a letter from the Defendant to the Plaintiff, in which the Defendant undertakes to furnish the Plaintiff w ith SOOOlbs. at a stipulated price per hundred. The Defendant proceeded to the place, together with another waggon, which he had hired, and after several days detention, was furnished with only I500lbs. being about a fourth of the amount the waggons could have brought with convenience. For the, wagonageofthe goods actually brought, the Defendant has overpaid the-Plaintiff, but as the latter has sustained damage, and been put to expense, by not being supplied with the quantity he had prepared to
 
 *389
 
 bring, he is manifestly entitled in justice to compensation for his loss. The only question is, can lie recover it in this form, or must he resort to an action. An inspection of all the acts, conferring jurisdiction on Justices out of Court, shows that the Legislature designed only, that they might take cognizance of such matters a3 were liquidated between the párties, or might be reduced to certainty by some standard furnished by them, or one of familiar application. It is remarkable that in the first act of
 
 1777,
 
 down to the act of
 
 1794,
 
 the nature of the jurisdiction, in regard to money contracts, is described by the same words, “ all debts and demands, (of so many pounds and under,) where the balance dub on any specialty, contract, note or agreement, or for goods, wares or merchandize sold and delivered, or for work and labor done.” Ail the acts contemplate, that upon such debts and demands, there must he a balance due, whether it arises from a specialty, contract, note, agreement, or the other enumerated causes of action. The evident meaning was, to comprehend two classes of cases j such as the action of debt would have lain for, bc-fore its disuse as to simple contracts ; that is lor a sum of money due by certain and express agreement, where the amount is specific, and dues not depend on any subsequent valuation to settle it; in which case the action of debt operates asa specific execution of the contract, whether the debt aiise by specialty, or a ves bul agreement to pay a certain price for a certain parcel of goods.— Secondly, that class of cases, which could not he specifically performed, because the price of the goods, or the value of the labor, was not previously 'ascertained, but of which an estimate might be formed, near enough to mark the demand, as within the jurisdiction — those cases in short, for which Indebitatus Assumpsit is brought, to recover damages for the non-performance of the contract. But there are cases of “ specialty, contract and agreement,” by the violation of which a man may be in-
 
 *390
 
 jurod
 
 to
 
 an amount, perhaps less than the jurisdiction of the Justice, wiio is nevertheless without the. power to af- ' ford him redress. If a man covenants to go to a certain place by such a day, or not to exercise a trade at a particular place, and is not at the place at the time appointed, or carries on his trade at the restricted place, these are breaches of his covenant, and may perhaps be to the loss of (lie covenantee. So in the case of a simple contract or agreement, if a builder undertakes to build a house for A within a time limited, and fails to do if, A can recover no satisfaction before a magistrate, for the injury sustained by'such delay} nor can the covenantees in the cases first put. The reason is plain, for although there is a demand, there is no balance due, nor any certain rule or fixed standard, by which alone the policy of our law will allow an individual to measure the injury sustained} it is a fit subject for the communication of many minds, in short for the determination of a Jury_ A strong legislative exposition of these acts is furnished by the act of 1794,
 
 (Rev. ch.
 
 414,) by which jurisdiction is first given to magistrates, of contracts for specific articles. The value of all articles, at the time they ought to have been delivered was of easy
 
 ascertainment;
 
 the creditor could assert beforehand the amount due him upon the contract, at least within a small sum. Yet it had been a question, which for time immemorial was submitted to ' a Jury
 
 ;
 
 such is our habitual reverence for that institution, that though the summary jurisdiction is convenient to the country, the transfer of it was late and reluctant. What should be the proper estimate of damages in this case, is a subject peculiarly fit for the consideration of a Jury. The magistrate lias allowed the amount of what wouid have been the carriage of SOOOlbs. deducting the $36, paid by the Defendant} whereas the'labor and risk of returning with 15 OOlbs. was less than with 5000lbs. On the oilier hand, it may be thought that the Plaintiff ,is entitled to an allowance by way of demurrage, for the
 
 *391
 
 time lie was detained in Petersburg. This is mentioned to show the uncertainty of the rule, by which damages are to be estimated. The result of the whole is, that in my opinion, the demand on this warrant is not within a single magistrate’s jurisdiction, and that the judgment should be reversed, and a new trial granted.
 

 Per Curiam. — Judgment, reversed.